#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT ALAN SCHULTE,**  )  <br>  )  <br> **Plaintiff,** )  <br>  )  <br> v.  )  <br>  )  <br> **CAROLYN W. COLVIN,** )  <br> **Acting Commissioner of Social Security,** )  <br>  )  <br> **Defendant.** )  <br> _____ )  | **CIVIL ACTION**  <br><br> **No. 14-1208-JWL** |

#### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding the credibility determination in the Commissioner's decision is unreviewable, the court REVERSES the decision and ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.      Background**

Plaintiff applied for DIB, alleging disability beginning June 1, 2007. (R. 13, 165-73). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff claims that the Administrative

Law Judge (ALJ) failed to include limitations in his residual functional capacity (RFC) assessment adequately accounting for Plaintiff's diminished cognitive functioning and severe memory loss, erred in evaluating the credibility of Plaintiff's allegations of disabling symptoms, and failed to include limitations relating to Plaintiff's diminished cognitive functioning and severe memory loss in his hypothetical questioning of the vocational expert (VE), and that the VE failed to identify jobs requiring no more than simple, routine, repetitive work.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The Act provides that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). But, the determination

whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the

burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because although the ALJ made a determination regarding the credibility of Plaintiff's allegations of symptoms, that determination did not include an explanation of the bases for the determination and is therefore unreviewable by the court without reweighing the evidence.  Although Plaintiff claims other errors in the decision at issue, remand is necessary in order to correct this error, and the court may not provide an advisory opinion regarding other issues.  Plaintiff may make those arguments and the Commissioner will address them on remand.

## II.     Credibility

Plaintiff claims the ALJ failed to explain her reasons for finding that Plaintiff's allegations regarding the intensity, persistence, and limiting effects of her symptoms are not entirely credible. He acknowledges that the ALJ determined that his subjective complaints "were 'somewhat exaggerated,' and 'inconsistent with the other evidence, including the clinical and objective findings of record,'" but argues that "the ALJ fails to cite any inconsistencies between plaintiff's testimony and the medical records or other statements." (Pl. Br. 13).  The Commissioner argues that the ALJ reasonably assessed Plaintiff's credibility.  She points out that credibility analysis is an integral element of the

ALJ's RFC assessment, and argues that the "ALJ articulated several valid reasons, in accordance with Social Security rules and regulations and Tenth Circuit case law, for finding Plaintiff's subjective complaints . . . not credible." (Comm'r Br. 8). She point out that a "factor-by-factor recitation of the evidence is not required as long as the ALJ sets forth the specific evidence she relies on in evaluating claimant's credibility," and argues that "Plaintiff's reported activities of daily living reasonably suggested to the ALJ that Plaintiff's mental capacity for work-related activities was greater than alleged." Id. at 9 (citing Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Finally, she argues that "[t]o the extent that Plaintiff suggests that this evidence is open to another interpretation that favors his claim, the Court [sic] should decline to reweigh the evidence in this fashion," because if the evidence will support two inconsistent conclusions, and one of them is the conclusion reached by the agency, the court may not displace the agency's choice. Id. at 10 (citing Lax, 489 F.3d at 1084).

### A.   The Standard for Evaluating a Credibility Determination

The court's review of an ALJ's credibility determination is deferential, and it is generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173. "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of

findings.'"  Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

The framework for a proper credibility analysis is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987).  An ALJ must consider (1) whether the claimant has established a symptom-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's symptoms are in fact disabling.  See, Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (explaining the Luna framework).  The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating credibility:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. § 404.1529(c)(3)(i-vii).  The court has recognized a non-exhaustive list of factors which overlap and expand upon the factors promulgated by the Commissioner.  Luna, 834 F.2d at 165-66.  They include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

### B. The ALJ's Credibility Determination

The ALJ began her RFC analysis by explaining the standard for evaluating the credibility of a claimant and she cited the basis for that analysis in the Social Security regulations and rulings. (R. 18). She summarized Plaintiff's allegations of symptoms, and stated that she found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible <u>for the reasons explained in this decision</u>." Id. (emphasis added). Thereafter, the ALJ summarized the medical evidence and the opinion evidence, and stated the weight she accorded to each opinion. (R. 18-20). She accorded "little weight" to the opinions provided by Plaintiff's wife and his mother, and concluded that, "[u]ltimately, they are not persuasive <u>for the same reasons set forth above finding the claimant's allegations to be less that wholly credible</u>." (R. 20) (emphasis added). She then summarized her credibility analysis:

> A trier of fact is required to determine a witness' [sic] credibility in consideration of all the circumstances, including the extent to which his testimony is contradicted or corroborated by other evidence, and any other circumstances that tend to shed light upon his credibility. Additionally, the claimant's financial interest in the outcome, and the <u>evidentiary inconsistencies discussed above</u> detract from reliance upon the claimant's testimony as a basis for decision-making. The undersigned finds that although he has medical1y determinable severe impairments, these impairments do not cause the degree of limitations alleged by the claimant. When evaluated, the claimant's subjective complaints are found to be somewhat exaggerated and inconsistent with the other evidence, including

7

>the clinical and objective findings of record, and would not be a sound basis for a finding of disability.

(R. 20) (emphasis added).

### **C.**   **Analysis**

It is clear that the ALJ discounted Plaintiff's credibility because of his financial interest in the case, because she found that Plaintiff exaggerated his allegations, and because she found his allegations were inconsistent with the medical and other evidence of record. It is also clear that she intended to (and perhaps believed she did) include the bases for these conclusions in her summary of the evidence between her finding that Plaintiff's allegations are not entirely credible (R. 18) ("for the reasons explained in this decision") and her finding that the lay opinions would be discounted for the same reasons. (R. 20) ("for the same reasons set forth above"). What is not clear from the decision is what those reasons were--what allegations she found exaggerated, what were the evidentiary inconsistencies upon which she relied in reaching her conclusion.

While it is clear that Plaintiff has a financial interest in this case which would tend to bias his allegations, that interest is present in every Social Security case, and by itself is an insufficient basis to find Plaintiff's allegations not entirely credible. The court has searched the decision to find evident exaggerations presented in the ALJ's summary of Plaintiff's allegations, and evident inconsistencies between the ALJ's summary of Plaintiff's allegations and the ALJ's summary of the medical and other evidence, and it has found none. The Commissioner provides only a single, specific example from the

decision to suggest an evidentiary basis for the credibility determination. She argues that "Plaintiff's reported activities of daily living reasonably suggested to the ALJ that Plaintiff's mental capacity for work-related activities was greater than alleged." (Comm'r Br. 9) (citing R. 16). The Commissioner is correct that the ALJ concluded "[b]ased upon a consideration of the record as a whole, the undersigned finds that the claimant's mental impairments cause him no more than moderate difficulties in completing his activities of daily living." (R. 16). However, even in reaching that conclusion, the ALJ cited no allegation which she determined was exaggerated and no allegation which was inconsistent with the other record evidence.

The Commissioner is also correct that "a formalistic factor-by-factor recitation of the evidence is not required <u>as long as the ALJ sets forth the specific evidence she relies on in evaluating credibility</u>." (Comm'r Br. 9) (citing <u>Qualls</u>, 206 F.3d at 1372) (emphasis added). The very thing missing here is what the court found to be present in <u>Qualls</u>:

> Here, however, the ALJ did not simply recite the general factors he considered, he also stated what specific evidence he relied on in determining that plaintiff's allegations of disabling pain were not credible. Contrary to plaintiff's view, our opinion in <u>Kepler</u> does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of <u>Kepler</u> are satisfied.

206 F.3d at 1372. Here, unlike <u>Qualls</u>, the ALJ neither recited the general factors she considered nor stated the specific evidence she relied upon. She just summarized the evidence and Plaintiff's allegations and reached the conclusion that Plaintiff's allegations are not entirely credible.

9

As the Commissioner points out, credibility analysis is an integral element of an RFC assessment. Nevertheless, that does not ease the requirement that "'[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston, 838 F.2d at 1133); Hackett, 395 F.3d at 1173 (same). But, that is precisely what the credibility determination is in this case--a conclusion in the guise of findings.

The Commissioner is correct that the court may not reweigh the evidence or substitute its judgment for that of the ALJ. But, the only conceivable basis for the court to determine on this record that the ALJ was correct and that Plaintiff's allegations of symptoms are "not entirely credible" would be to reweigh the evidence. Remand is necessary for the Commissioner to perform a proper credibility determination affirmatively linked to substantial record evidence.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 10th day of April 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**